# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| Jo Ellen Grover and Robert A. Grover | RE:<br>127 Readfield Road, Manchester, ME 04351 |
| **Defendants**<br>Amos Financial LLC<br>Maine Revenue Services<br>Internal Revenue Service<br>Midland Funding LLC | Mortgage:<br>July 23, 2004<br>Book 8057, Page 63 |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Jo Ellen Grover and Robert A. Grover, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, in which the Defendants, Jo Ellen Grover and Robert A. Grover, are the obligor and the total amount owed under the terms of the Note is Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 is a corporation with its principal place of business located at 425 Walnut St., Cincinnati, OH 45205.

5. The Defendant, Jo Ellen Grover, is a resident of Manchester, County of Kennebec and State of Maine.

6. The Defendant, Robert A. Grover, is a resident of Manchester, County of Kennebec and State of Maine.

7. The Party-in-Interest, Amos Financial LLC, is located at 3330 Skokie Valley Road, Suite 301, Highland Park, IL 60035.

8. The Party-in-Interest, Maine Revenue Services, is located at C/o Kevin J. Crosman, Assistant Attorney General, 111 Sewell Street, 6th Floor, Augusta, ME 04333.

9. The Party-in-Interest, Internal Revenue Service, is located at c/o Andrew K. Lizotte, Esq., U.S. Attorney`s Office, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101.

10. The Party-in-Interest, Midland Funding LLC, is located at 227 W Trade Street, Charlotte, NC 28202.

## FACTS

11. On November 8, 2002, by virtue of a Warranty Deed from Allen G. Perkins which is recorded in the Kennebec County Registry of Deeds in **Book 5523, Page 165**, the property situated at 127 Readfield Road, Manchester, County of Kennebec, and State of Maine, was conveyed to the Defendants, Jo Ellen Grover and Robert A. Grover, being only partially described by the legal description in the attached Exhibit A; the correct and complete legal description for the mortgaged property is attached hereto as Exhibit B. *See* Exhibit B (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On July 23, 2004, the Defendants, Jo Ellen Grover and Robert A. Grover, executed and delivered to Equity One, Inc. a certain Note in the amount of $175,824.74. *See* Exhibit C (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on July 23, 2004, the Defendants executed a Mortgage Deed in favor of Equity One, Inc., securing the property located at 127 Readfield Road, Manchester, ME 04351 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 8057, Page 63**. *See* Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. On January 23, 2014, the Defendants, Jo Ellen Grover and Robert A. Grover, executed a Home Affordable Modification Agreement which increased the principal amount of the

Note to $162,586.58 (herein after referred to as the "Loan Modification"). *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. The Mortgage was then assigned to U.S. Bank National Association as indenture trustee for Springleaf Mortgage Loan Trust 2013-2 Mortgage-Backed Notes, Series 2013-2 by virtue of an Assignment of Mortgage dated August 26, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12393**, **Page 26**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Madison Revolving Trust 2017 by virtue of an Assignment of Mortgage dated March 5, 2018 and recorded in the Kennebec Registry of Deeds in **Book 12859**, **Page 325**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 by virtue of an Assignment of Mortgage dated April 26, 2019 and recorded in the Kennebec Registry of Deeds in **Book 13203**, **Page 32**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. On November 25, 2019, the Defendants, Jo Ellen Grover and Robert A. Grover, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, Jo Ellen Grover and Robert A. Grover, of the payment due date, the total amount necessary to cure the default, and the deadline by

which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

20. The Defendants, Jo Ellen Grover and Robert A. Grover, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the lawful holder and owner of the Note and Mortgage.

23. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

24. Amos Financial LLC is a Party-in-Interest pursuant to a Mortgage in the amount of $25,000.00 dated December 7, 2007, and recorded in the Kennebec Registry of Deeds in **Book 9597**, **Page 0078** and is in second position behind Plaintiff's Mortgage.

25. The Junior Lien was then assigned to Amos Financial LLC by virtue of a Junior Assignment dated February 18, 2016 and recorded in the Somerset County Registry of Deeds in **Book 12228**, **Page 276**.

26. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $64,515.94 dated January 14, 2008, and recorded in the Kennebec Registry of Deeds in **Book 9617**, **Page 344** and is in third position behind Plaintiff's Mortgage.

27. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $43,330.80 dated September 8, 2009, and recorded in the Kennebec Registry of Deeds in **Book 10210**, **Page 317** and is in fourth position behind Plaintiff's Mortgage.

28. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $7,892.82 dated March 11, 2010, and recorded in the Kennebec Registry of Deeds in **Book 10362**, **Page 190** and is in fifth position behind Plaintiff's Mortgage.

29. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $234.84 dated July 11, 2010, and recorded in the Kennebec Registry of Deeds in **Book 10470**, **Page 353** and is in sixth position behind Plaintiff's Mortgage.

30. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $665.96 dated November 7, 2011, and recorded in the Kennebec Registry of Deeds in **Book 10899**, **Page 350** and is in seventh position behind Plaintiff's Mortgage.

31. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,026.70 dated November 7, 2011, and recorded in the Kennebec Registry of Deeds in **Book 10899**, **Page 351** and is in eighth position behind Plaintiff's Mortgage.

32. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $879.81 dated April 25, 2012, and recorded in the Kennebec Registry of Deeds in **Book 11050**, **Page 323** and is in ninth position behind Plaintiff's Mortgage.

33. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $756.76 dated November 6, 2012, and recorded in the Kennebec Registry of Deeds in **Book 11220**, **Page 315** and is in tenth position behind Plaintiff's Mortgage.

34. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $65,000.00 dated February 18, 2014, and recorded in the Kennebec Registry of Deeds in **Book 11633**, **Page 0058** and is in eleventh position behind Plaintiff's Mortgage.

35. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $11,623.54 dated October 21, 2015, and recorded in the Kennebec Registry of Deeds in **Book 12142**, **Page 341** and is in twelvth position behind Plaintiff's Mortgage.

36. The total debt owed under the Note and Mortgage as of February 3, 2020 is Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $97,098.54 |
| Interest | $18,851.37 |
| Late Fees | $297.10 |
| Escrow Advance | $12,649.60 |
| Lender Paid Expenses | $79,670.39 |
| Grand Total | $208,567.00 |

37. Upon information and belief, the Defendants, Jo Ellen Grover and Robert A. Grover, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

38. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 127 Readfield Road, Manchester, County of Kennebec, and State of Maine. *See* Exhibit B.

40. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the holder of the Note referenced in Paragraph 12 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, has the right to foreclosure and sale upon the subject property.

41. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the current owner and investor of the aforesaid Mortgage and Note.

42. The Defendants, Jo Ellen Grover and Robert A. Grover, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

43. The total debt owed under the Note and Mortgage as of February 3, 2020 is Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $97,098.54 |
| Interest | $18,851.37 |
| Late Fees | $297.10 |
| Escrow Advance | $12,649.60 |
| Lender Paid Expenses | $79,670.39 |
| Grand Total | $208,567.00 |

44. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

45. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

46. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Jo Ellen Grover and Robert A. Grover, on November 25, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

47. The Defendants, Jo Ellen Grover and Robert A. Grover, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II - REFORMATION OF LEGAL DESCRIPTION

48. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. It was the intent of the parties that the Mortgage dated July 23, 2004, and recorded in the Kennebec County Registry of Deeds in **Book 8057, Page 63**, which is the subject of this foreclosure action, contain the legal description as stated in deed dated May 27, 1997, and recorded on May 28, 1997 at the Kennebec County Registry of Deeds in **Book 5366, Page 328**. A copy of the correct legal description is attached hereto as Exhibit B.

## COUNT III – BREACH OF NOTE

50. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. On July 23, 2004, the Defendants, Jo Ellen Grover and Robert A. Grover, executed and delivered to Equity One, Inc. a certain Note in the amount of $175,824.74. *See* Exhibit B.

52. The Defendants, Jo Ellen Grover and Robert A. Grover, are in default for failure to properly tender the April 1, 2017 payment and all subsequent payments. *See* Exhibit I.

53. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Jo Ellen Grover and Robert A. Grover.

54. The Defendants, Jo Ellen Grover and Robert A. Grover, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

55. The Defendants Jo Ellen Grover and Robert A. Grover's breach is knowing, willful, and continuing.

56. The Defendants Jo Ellen Grover and Robert A. Grover's breach has caused Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of February 3, 2020, if no payments are made, is Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $97,098.54 |
| Interest | $18,851.37 |
| Late Fees | $297.10 |
| Escrow Advance | $12,649.60 |
| Lender Paid Expenses | $79,670.39 |
| Grand Total | $208,567.00 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT IV – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

59. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. By executing, under seal, and delivering the Note, the Defendants, Jo Ellen Grover and Robert A. Grover, entered into a written contract with Equity One, Inc. who agreed to loan the amount of $175,824.74 to the Defendants. *See* Exhibit C.

61. As part of this contract and transaction, the Defendants, Jo Ellen Grover and Robert A. Grover, executed the Mortgage to secure the Note and the subject property. *See* Exhibit D.

62. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the proper holder of the Note and successor-in-interest to Equity One, Inc., and has performed its obligations under the Note and Mortgage.

63. The Defendants, Jo Ellen Grover and Robert A. Grover, breached the terms of the Note and Mortgage by failing to properly tender the April 1, 2017 payment and all subsequent payments. *See* Exhibit I.

64. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Jo Ellen Grover and Robert A. Grover.

65. The Defendants, Jo Ellen Grover and Robert A. Grover, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

66. The Defendants, Jo Ellen Grover and Robert A. Grover, are indebted to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 in the sum of Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00) Dollars, for money lent by the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, to the Defendants.

67. Defendants Jo Ellen Grover and Robert A. Grover's breach is knowing, willful, and continuing.

68. Defendants Jo Ellen Grover and Robert A. Grover's breach has caused Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

69. The total debt owed under the Note and Mortgage as of February 3, 2020, if no payments are made, is Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $97,098.54 |
| Interest | $18,851.37 |
| Late Fees | $297.10 |
| Escrow Advance | $12,649.60 |
| Lender Paid Expenses | $79,670.39 |
| Grand Total | $208,567.00 |

70. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT V – QUANTUM MERUIT

71. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. Equity One, Inc., predecessor-in-interest to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, loaned Defendants, Jo Ellen Grover and Robert A. Grover, $175,824.74.  *See* Exhibit C.

73. The Defendants, Jo Ellen Grover and Robert A. Grover, are in default for failure to properly tender the April 1, 2017 payment and all subsequent payments.  *See* Exhibit I.

74. As a result of the Defendants Jo Ellen Grover and Robert A. Grover's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1.

75. As such, the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT VI –UNJUST ENRICHMENT

76. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, repeats and re-alleges paragraphs 1 through 75 as if fully set forth herein.

77. Equity One, Inc., predecessor-in-interest to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, loaned the Defendants, Jo Ellen Grover and Robert A. Grover, $175,824.74.  *See* Exhibit C.

78. The Defendants, Jo Ellen Grover and Robert A. Grover, have failed to repay the loan obligation.

79. As a result, the Defendants, Jo Ellen Grover and Robert A. Grover, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 as successor-in-interest to Equity One, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

80. As such, the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is entitled to relief.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, upon the expiration of the period of redemption;

c) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, are in breach of the Note by failing to make payment due as of April 1, 2017, and all subsequent payments;

d) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, are in breach of the Mortgage by failing to make payment due as of April 1, 2017, and all subsequent payments;

e) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due April 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Jo Ellen Grover and Robert A. Grover have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, to restitution;

j) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, are liable to the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, for money had and received;

k) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Jo Ellen Grover and Robert A. Grover, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Jo Ellen Grover and Robert A. Grover, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, is entitled to restitution for this benefit from the Defendants, Jo Ellen Grover and Robert A. Grover;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Jo Ellen Grover and Robert A. Grover, and in favor of the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, in the amount of Two Hundred Eight Thousand Five Hundred Sixty-Seven and 00/100 ($208,567.00 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Reform the legal description as found in the Warranty Deed dated May 27, 1997 and recorded at the Kennebec Registry of Deeds in **Book 5366, Page 327**, to reflect the complete and correct legal description as attached hereto as Exhibit B;

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1,
By its attorneys,

Dated: January 27, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com