# NOTE

JULY 23, 2004                                    PORTSMOUTH, NEW HAMPSHIRE
                                                      [City]            [State]

127 READFIELD ROAD, MANCHESTER, MAINE 04351
                                [Property Address]

1. BORROWER'S PROMISE TO PAY
   In return for a loan that I have received, I promise to pay U.S. $ 175,824.74  (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  EQUITY ONE, INC., A DELAWARE CORPORATION
I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. INTEREST
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.700 %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. PAYMENTS
   (A) Time and Place of Payments
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the 28th day of each month beginning on AUGUST 28, 2004 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on JULY 28, 2034 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at  141 MIRONA ROAD, SUITE 100, PORTSMOUTH, NH 03801
                                                        or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 1,134.55

4. BORROWER'S RIGHT TO PREPAY
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.
   Prepayment Rider to Note attached and made a part hereof.
5. LOAN CHARGES
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

MAINE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                    Form 3220   1/01
UNME3220.01-09/00    36476.13354                    Page 1 of 3




## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the 'Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
JO-ELLEN GROVER        Borrower

_____ (Seal)
ROBERT A. GROVER      Borrower

_____ (Seal)
                       Borrower

_____ (Seal)
                       Borrower

_____ (Seal)
                       Borrower

_____ (Seal)
                       Borrower

[Sign Original Only]

**WITHOUT RECOURSE PAY TO THE ORDER OF:**

American General Financial Services (NH), INC.

**EQUITY ONE, INC.**

_____
Gregory S. Fisher
President

# PREPAYMENT RIDER TO NOTE

This PREPAYMENT RIDER TO NOTE is made this 23rd day of JULY, 2004 , and is incorporated into and amends, modifies and supplements the Note of the same date given by the undersigned (the "Borrower") to EQUITY ONE, INC., A DELAWARE CORPORATION

(the "Lender") and any riders or modifications thereto ("Note").

In Addition to the agreements made in the Note, Borrower and Lender further agree as follows:

1. The section of the Note entitled "Borrower's Right to Prepay", is hereby deleted in its entirety and replaced with the following language:

    4. BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE
    I have the right to make payments of principal at any time before they are due, but the Note Holder may apply any tendered payments first to any amounts then due and owing under this Note or under the Security Instrument and then to principal not yet due. A payment of principal only is known as a "prepayment". A prepayment of all the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as "partial prepayment".

    If I make a partial prepayment, there will be no changes in the due dates or amounts of my subsequent scheduled monthly payments unless the Note Holder agrees in writing to those changes. Partial prepayments shall be applied to the last scheduled installments in reverse chronological order, unless otherwise required by applicable law, starting with the final scheduled monthly installment. If the aggregate amount of principal prepaid in any twelve (12) month period exceeds twenty percent (20%) of the original principal amount of this Note during the first THREE ( 3 ) years commencing from the date of this Note, then as consideration for the acceptance of such prepayment, and in addition to any other sum payable hereunder, I agree to pay the Note Holder a prepayment charge equal to six (6) months' interest on the amount of any prepayment exceeding twenty percent (20%) of the original principal loan amount. No prepayment charge will be assessed if Borrower refinances this Note with the Note Holder.

2. Section 3 of the Note regarding application of payments is hereby amended by adding prepayment charges to the list of "other charges".

_____ (Seal)  _____ (Seal)
Borrower                                Borrower
JO-ELLEN GROVER                         ROBERT A. GROVER

_____ (Seal)  _____ (Seal)
Borrower                                Borrower

_____ (Seal)  _____ (Seal)
Borrower                                Borrower

HP430928-10/99

# NOTE ALLONGE

THIS ENDORSEMENT IS INCORPORATED INTO AND SHALL BE DEEMED PART OF THE NOTE TO WHICH IT IS ATTACHED.

Borrower 1:        JO ELLEN GROVER
Borrower 2:
Date of Loan:      7/23/2004
Loan Amount:       $175,824.74
Property Address:  127 READFIELD RD
City, State, Zip:  MANCHESTER, ME 04351

*Pay to the order of:*

Without recourse

Springleaf Financial Services of New Hampshire, Inc. FKA AMERICAN GENERAL FINANCIAL SERVICES (NH), INC

*[signature]*

Stephen L. Day
Vice President