UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1** | **CIVIL ACTION NO: 1:20-cv-00028-JAW** |
| **Plaintiff** | **PLAINTIFF'S AMENDED FINAL PRETRIAL MEMORANDUM** |
| vs. | RE:<br>127 Readfield Road, Manchester, ME 04351 |
| **Jo Ellen Grover and Robert A. Grover** | Mortgage:<br>July 23, 2004<br>Book 8057, Page 63 |
| **Defendants** | |
| Amos Financial LLC<br>Maine Revenue Services<br>Internal Revenue Service<br>Midland Funding LLC | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straight forward foreclosure and related claims action on this vacant property. The Plaintiff stipulates that the Defendants have no personal liability and that Plaintiff's relief is limited to *in rem* relief against the subject property.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendants by certified mail, return receipt requested.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule).

Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, Chase v. Higgins, 2009 ME 136 (2009); H.S.B.C. Bank, as Trustee v. Gabay, 2011 ME 101 (2011); Deutsche Bank Nat'l Trust Co. v. Raggiani, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); Wells Fargo Bank, N.A. v. deBree, 2012 ME 34 (2012); Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011) and Bank of America v. Cloutier, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));
- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
- a breach of condition in the mortgage, Johnson v. McNeil, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);
- the amount due on the mortgage note, including any reasonable attorney fees and court costs, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);
- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and

- the Defendants are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). <u>Chase v. Higgins</u> 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See* <u>Bank of America v. Cloutier</u>, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted [......] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. See 11 M.R.S. § 3-1101, *et seq*.; <u>Bank of America, N.A. v. Cloutier</u>, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating

documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted…a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law…" Fed. R. Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self-authenticating documents. See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff submits that upon presentation of the evidence outlined it will be entitled to a Judgment of Foreclosure and Sale of the subject property.

With regard to the claim of the assignee of the junior mortgage, two years after the modification of the loan, the Plaintiff believes the evidence will reflect that the Junior is entitled to be included in the judgment as a junior but disputes that it is entitled to priority of any portion of its loan due to the medication of the mortgage loan.

Finally, the evidence will reflect that it was the intent of the parties that the Mortgage dated July 23, 2004, and recorded in the Kennebec County Registry of Deeds in Book 8057, Page 63, which is the subject of this foreclosure action, contain the legal description as stated in deed dated May 27, 1997, and recorded on May 28, 1997 at the Kennebec County Registry of Deeds in Book 5366, Page 328. A copy of the correct legal description was attached to the Complaint as Exhibit B. The proposed Judgment will include the correct legal description as set forth in Exhibit B.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Jo Ellen Grover and Robert A. Grover
2. Representative of Nationstar Mortgage LLC d/b/a Mr. Cooper, servicer for the holder and note for U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1

**EXHIBITS:**

1. Promissory Note in the amount of 175,824.74, executed by Jo Ellen Grover and Robert A. Grover on July 23, 2004, for the benefit of Equity One, Inc..
2. Mortgage Deed securing the residence located at 127 Readfield Road, Manchester, ME 04351, executed by Jo Ellen Grover and Robert A. Grover on July 23, 2004, for the benefit of Equity One, Inc., recorded in the Kennebec Registry of Deeds in **Book 8057, Page 63**.
3. A Home Affordable Modification Agreement dated January 23, 2014, which increased the principal amount of the Note to $162,586.58
4. Assignment of Mortgage to U.S. Bank National Association as indenture trustee for Springleaf Mortgage Loan Trust 2013-2 Mortgage-Backed Notes, Series 2013-2 by virtue of an Assignment of Mortgage dated August 26, 2016, and recorded in **Book 12393, Page 26**.
5. Assignment of Mortgage to Madison Revolving Trust 2017 by virtue of an Assignment of Mortgage dated March 5, 2018, and recorded in **Book 12859, Page 325**.
6. Assignment of Mortgage to U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE CIM TRUST

2018-NR1 MORTGAGE-BACKED NOTES, SERIES 2018-NR1 by virtue of an Assignment of Mortgage dated April 26, 2019, and recorded in **Book 13203, Page 32**.

7. Notice of Mortgagor's Right to Cure to Jo Ellen Grover and Robert A. Grover dated November 25, 2019.

8. Loan History of subject mortgage.

9. Documents relevant to the claim of the Junior Lien including: a Mortgage in the amount of $25,000.00 dated December 7, 2007, and recorded in the Kennebec Registry of Deeds in Book 9597, Page 0078 and assignment to Amos Financial LLC dated February 18, 2016 and recorded in the Somerset County Registry of Deeds in Book 12228, Page 276.

10. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendants are not in the military.

11. Exhibit B of the Complaint Legal Description.

                              Respectfully Submitted,

Dated: January 21, 2022               /s/Reneau J. Longoria, Esq.
                                            Reneau J. Longoria, Esq., Bar No. 5746
                                            Attorneys for Plaintiff
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center, Suite 303C
                                            Beverly, MA 01915
                                            (978) 921-2670
                                            JAD@dgandl.com
                                            RJL@dgandl.com

`Case 1:20-cv-00028-JAW   Document 59   Filed 01/21/22   Page 7 of 7    PageID #: 295`

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on January 21, 2022, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Christopher J. Keach, Esq
Molleur Law Office
*Via CM/ECF system*

Amos Financial LLC
c/o Stephanie Green Albert, Esq.
Barns, Greenfield, & Thornton
*Via CM/ECF system*

Maine Revenue Services
C/o Kevin J. Crosman, Assistant Attorney General
*Via CM/ECF system*

Internal Revenue Service
c/o Ashley E. Eiler, Office of the US Attorney General
*Via CM/ECF system*

Midland Funding LLC
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME 04330